CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

MAR 1 2 2019

JULIA C. DUDLEY, CLERK
BY: /s/ Susie
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | Case No. 7:07-CR-0041 |
| | ) | |
| v. | ) | |
| | ) | |
| TIMOTHY L. BROWN, | ) | By: Hon. Michael F. Urbanski |
| Defendant. | ) | Chief United States District Judge |

## MEMORANDUM OPINION

Defendant Timothy L. Brown filed a motion to reduce his sentence pursuant to the First Step Act of 2018, Pub. L. No. 115-015. He asks that his sentence be reduced from 188 months to 151 months, which will result in his immediate release. ECF No. 47. The government does not contest that Brown is eligible for consideration of a reduction in his sentence to 151 months to be followed by a 3-year term of supervised release. The government asks that if a reduction in Brown's sentence results in his immediate release, that the judgment be stayed for ten days to allow the Bureau of Prisons sufficient time to process his release. ECF No. 49. Neither party requested a hearing. For the reasons set forth below, the court will **GRANT** Brown's request and modify his sentence to 151 months, but not less than time served, to be followed by a 3-year term of supervised release. The judgment will be stayed for ten days.

I.

On October 3, 2007, pursuant to a written plea agreement, Brown pleaded guilty to one count of possessing more than 5 grams of cocaine base, in violation of 21 U.S.C. § 841(a)(1). He also was classified as a career offender based on at least two prior felony drug

convictions. ECF Nos. 18 and 44 at 5. The accountable drug weight was 19.21 grams of cocaine base. His base guideline range was 24, based on the quantity of drugs under USSG § 2D1.1(c)(8), minus 3 points for acceptance of responsibility, for a total of 21. However, taking into account his career offender status, his offense level was 34, minus 3 points for acceptance of responsibility, which resulted in a total offense level of 31. See USSG §4B1.1(b)(2). Coupled with his criminal history category of VI, the applicable sentencing range was 188-235 months. ECF No. 44 at 20. On December 14, 2007, Brown was sentenced to a term of 188 months, to be followed by a 5-year term of supervised release. ECF Nos. 23, 25. Brown has served approximately 138 months and has a projected release date of September 7, 2020. ECF No. 45.

At the time Brown was sentenced, a violation of § 841(a)(1) carried a mandatory minimum sentence of 10 years and a maximum of life imprisonment if the offense involved more than 50 grams of cocaine base, and a penalty range of 5 to 40 years if the offense involved more than 5 grams of cocaine base. 21 U.S.C. § 841(b)(1)(A) and (B) (2006). In 2010, the Fair Sentencing Act was enacted, and Section 2 of the act reduced penalties for offenses involving cocaine base by increasing the threshold drug quantities required to trigger mandatory minimum sentences under 21 U.S.C. § 841(b)(1). Fair Sentencing Act of 2010, Pub. L. No. 111-220, § 2, 124 Stat. 2372 (2010). Currently, in order to trigger the 10-years-to-life-sentencing range, the offense must involve more than 280 grams of cocaine base, and to trigger the 5-to-40-year sentencing range, the offense must involve more than 28 grams of cocaine

2

base. If an offense involves less than 28 grams of cocaine base, there is no mandatory minimum sentence and the maximum sentence is 20 years. 21 U.S.C. § 841(b)(1)(C).

The First Step Act was passed on December 21, 2018. Section 404 of the act permits a court, upon motion of the defendant or the government, or upon its own motion, to impose a reduced sentence for certain offenses in accordance with the Fair Sentencing Act of 2010, if such a reduction was not previously granted. Offenses qualify for the reduction if they were committed before August 3, 2010 and carry the statutory penalties which were modified by section 2 or 3 of the Fair Sentencing Act of 2010. First Step Act of 2018, Pub. L. No. 115-015, 132 Stat. 015 (2018).

## II.

The parties agree that the First Step Act applies to Brown. If Brown were sentenced today, his guideline sentencing range, based on a conviction under 21 U.S.C. § 841(b)(1)(C) and his career offender designation, would be 32, minus 3 points for acceptance of responsibility. See USSG § 4B1.1(b)(3). With a criminal history category of VI, the corresponding advisory range for offense level 29 is 151-188 months of imprisonment. ECF No. 45.

Had Brown been sentenced after passage of the Fair Sentencing Act, the appropriate sentence would have been 151 months, followed by a 3-year term of supervised release. A sentence of 151 months is the bottom of the sentencing range and corresponds to the 188-month sentence which was the bottom of his current sentencing range. Thus, the parties agree that an appropriate sentence for Brown under the First Step Act would be 151 months,

3

followed by a 3-year term of supervised release. Because Brown has served approximately 138 months and is scheduled to be released on September 7, 2020, it appears that he may be entitled to immediate release when his good conduct time is factored into his sentence.

## III.

For the reasons stated above, the court will **GRANT** Brown's motion to reduce his sentence, ECF No. 47, and modify his sentence to a total period of 151 months, but not less than time served, to be followed by a 3-year term of supervised release. The court finds the sentence agreed to by the parties is sufficient, but not greater than necessary, and accounts for the sentencing factors the court must consider pursuant to 18 U.S.C. § 3553(a), specifically deterrence, protection of the public, and respect for the law. The Bureau of Prisons is directed to recalculate Brown's release date based on his amended sentence of 151 months and release him if he has fully served his sentence.

An appropriate Order and amended judgment will be entered. If Brown is entitled to immediate release, judgment will be stayed for ten days to give the Bureau of Prisons sufficient time to process his release.

Entered: 03-12-2019

/s/ Michael F. Urbanski

Michael F. Urbanski
Chief United States District Judge